## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) AMASON, CURTIS** | |
| *Plaintiff* | |
| **v.** | |
| **(1) RIVERSIDE TRANSPORATION, INC.** | **CASE NO.:** CIV-21-69-HE |
| **and** | |
| **(2) HIMMELSHACH, CHRISTOPHER** | |
| *Defendants* | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES Plaintiff, Curtis Amason (hereinafter referred to by name or as Plaintiff) and submits his Complaint with claims against Defendants Riverside Transportation Inc., and Christopher Himmelshach (collectively referred to as "Defendants") in this his *Original Complaint*, and would respectfully show unto the Court as follows:

### Jurisdiction, Parties & Venue

1.      Curtis Amason, Plaintiff, is a resident of Buda, Texas.

2.      Defendant Riverside Transportation, Inc., is an incorporated company with its principal place of business at 2827 West State Road 66, Rockport, IN 47635. It can be served with process by serving its registered agent, W. Todd Metzger at 10 West Market Street, Suite 1400, Indianapolis, IN 46204.

3.      Defendant Christopher Himmelshach is an individual residing in 105 ½ Water Street, Ashland City, TN 37015.

4.      This is a personal injury action resulting from an automobile collision that took

place in Mayes County, Oklahoma, which falls within this Court's jurisdiction. As such, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(2).

5.      This Court has jurisdiction of this action by virtue of the provisions of 28 U.S.C. § 1332 in that this is a case of complete diversity of citizenship between the parties with the amount in controversy exceeding the sum of $75,000.00, exclusive of interests and costs.

## Statement of Facts

6.      On or around June 6, 2020, around 12:46 a.m., Mr. Amason, was lawfully operating his bronze, 2019 18-wheeler and trailer in Chouteau, Oklahoma. At the same time, the Defendant Christopher Himmelshach was operating his blue 2019 18-wheeler and trailer.

7.      Mr. Amason was fully stopped at a red light at the intersection of US-69 and Harrison Avenue in Chouteau when Mr. Himmelshach was traveling down the highway and approached the same intersection as Mr. Amason. Defendant Himmelshach 'fell asleep' behind the steering wheel of his 18-wheeler, causing the collision.

8.      Mr. Himmelshach admitted to both Mr. Amason and the patrol officer, Tracy Weaver that he 'must have fallen asleep'.

## First Cause of Action
## NEGLIGENCE, NEGLIGENCE PER SE, GROSS NEGLIGENCE, AND INTENTIONAL CONDUCT OF CASING CREWS, INC.

### A. NEGLIGENCE

9.      Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

10.     Defendant Himmelshach, as agent and employee of Riverside Transportation, Inc. had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

11.     Plaintiff's injuries were proximately caused by Defendant Himmelshach's negligent, careless and reckless disregard of said duty while in the course and scope of his employment for Riverside Transportation, Inc.

12.     At the time of the occurrence in question and immediately prior thereto, Defendant Himmelshach was within the course and scope of his employment with Riverside Transportation, Inc.

13.     At the time of the occurrence in question and immediately prior thereto, Defendant Himmelshach was engaged in the furtherance of Riverside Transportation, Inc.'s business.

14.     At the time of the occurrence in question and immediately prior thereto, Defendant Himmelshach was engaged in accomplishing a task for which he was employed by Riverside Transportation, Inc.

15.     Plaintiff invokes the doctrine of *Respondent Superior* against Casing Crews, Inc.

16.     Riverside Transportation, Inc. is also negligent in one or more of the following respects:

      a.     Negligent hiring of Defendant Himmelshach;

      b.     Negligent training of Defendant Himmelshach;

      c.     Negligent supervision and monitoring of Defendant Himmelshach;

      d.     Negligent retention of Defendant Himmelshach;

      e.     Negligent entrustment of Riverside Transportation, Inc.'s truck to Defendant Himmelshach.

      g.     Riverside Transportation, Inc. failed to adequately inspect the vehicle for the prevention of collisions by their employees;

      h.     Riverside Transportation, Inc. failed to implement adequate safety programs for the prevention of collisions by their employees in violation of motor carrier fleet industry standards; and

      i.     Riverside Transportation, Inc. failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred.

17.     As described herein, Riverside Transportation, Inc. were negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

## B. GROSS NEGLIGENCE

18.     Riverside Transportation, Inc.'s negligent conduct was more than momentary thoughtlessness or inadvertence. Riverside Transportation, Inc.'s conduct involved the want of slight care and diligence increasing the probability and magnitude of potential harm to Plaintiff. Riverside Transportation, Inc. had actual subjective awareness of the risk involved and proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiff and/or others similarly situated.

19.     Accordingly, the acts and/or omissions by Riverside Transportation, Inc., as outlined above, constitute gross negligence, as defined in § 25-6 of the Oklahoma Statutes.

20.     Each of these acts and/or omissions of each of the Defendants, whether taken singularly or in any combination constitute negligence, negligence per se, and gross negligence which proximately caused the collision, injuries, and other losses as specifically set forth herein, all of which Plaintiff suffered and which he will continue to suffer in the future, if not for the remainder of his life.

### Second Cause of Action
### PLAINTIFF'S CLAIMS OF NEGLIGENCE, NEGLIGENCE PER SE AND GROSS NEGLIGENCE AGAINST DEFENDANT CHAD NICKLOS SALAZAR

## A. NEGLIGENCE

21.     Defendant Himmelshach had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described

herein.

22.     Plaintiff's injuries were proximately caused by Defendant Himmelshach's negligent, careless, and reckless disregard of said duty.

23.     The negligent, careless and reckless disregard of duty by Defendant Himmelshach as employee and agent of Riverside Transportation, Inc. consisted of, but is not limited to, the following acts and omissions:

      a.     in failing to yield from a stop sign;

      b.     in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

      c.     in failing to maintain an assured clear distance between the vehicle Plaintiff was in and Defendants' vehicle which would permit Defendant to bring his vehicle to a safe stop without colliding with vehicles, including Plaintiff's vehicle;

      d.     in failing to timely apply the brakes of his vehicle in order to avoid the collision in question;

      e.     in failing to turn his vehicle in an effort to avoid the collision in question;

      f.     in failing to drive defensively to avoid an emergency;

      g.     in failing to make safe decisions while driving;

      h.     in failing to blow his horn to warn of imminent collision; and

      i.     in driving his vehicle in willful or wanton disregard for the safety of persons and/or property, including Plaintiffs and their vehicle.

24.     As described herein, the Defendants were negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

**B.  NEGLIGENCE PER SE**

25.     Defendant Himmelshach failed to exercise the mandatory standard of care, in violation of the following provisions of the Oklahoma Statutes for which the negligence per se

doctrine mandates that:

a.    § 47-11-401. VEHICLE APPROACHING OR ENTERING INTERSECTION
(a) Whether a stop sign, or yield sign is present, visible or not, the driver of a vehicle shall yield the right-of-way and shall not proceed until it is safe to do so, when the driver is:
    1. On a county road upon approaching an intersection with a state or federal highway;
    2. On a private drive or any road not maintained by the county or state upon approaching an intersection with a state or federal highway or a county road;
…

b.    § 47-11-504. DRIVERS TO EXERCISE DUE CARE
Notwithstanding the foregoing provisions of this chapter, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary. . .

## C. GROSS NEGLIGENCE

26.    Defendant Himmelshach's negligent conduct was more than momentary thoughtlessness or inadvertence. Defendant Himmelshach's conduct involved the want of slight care and diligence increasing the probability and magnitude of potential harm to Plaintiff. Defendant Himmelshach had actual subjective awareness of the risk involved and, proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiff and/or others similarly situated.

27.    Accordingly, the acts and/or omissions by Defendant Himmelshach, as outlined above, constitute gross negligence, as defined in § 25-6 of the Oklahoma Statutes.

28.    Each of these acts and/or omissions specifically set forth herein, whether taken singularly or in any combination constitute negligence, negligence per se, and gross negligence which proximately caused the collision, injuries, and other losses that Plaintiff suffered and will continue to suffer in the future, if not for the remainder of his life.

## EXEMPLARY DAMAGES
### (Against both Defendants)

29.     Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

30.     The above-referenced acts and/or omissions by Defendants lacked slight care and diligence, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendants were aware of the risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff's. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question, the resulting injuries, and damages sustained by Plaintiff.

31.     Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved reckless; willful; and wanton conduct, considering the probability of harm to Plaintiff and others.

32.     Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

33.     Therefore, Plaintiff sues for exemplary damages in an amount to be determined at trial.

## DAMAGES

34.     As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff suffered severe bodily injuries to his neck, shoulder, back, and other parts of his body. The injuries have had a serious effect on Plaintiff's health and wellbeing. Some of the effects are permanent and will abide with Plaintiff for a long time into the future, if not for his entire life. These specific injuries and their ill effects have, in turn, caused Plaintiff physical and

mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his life.  As a further result of the nature and consequences of these injuries, Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his life.

35.     Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to incur the following damages:

a.     Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the county they were incurred;

b.     Reasonable and necessary medical care and expenses, which will, in all reasonable probability be incurred in the future;

c.     Physical pain and suffering in the past;

d.     Physical pain and suffering, which will, in all reasonable probability be suffered in the future;

e.     Physical impairment in the past;

f.     Physical impairment, which will, in all reasonable probability be suffered in the future;

g.     Lost wages in the past, present and future;

h.     Loss of earning capacity, which will, in all reasonable probability be incurred in the future;

i.     Mental anguish in the past; and

j.     Mental anguish which will, in all reasonable probability be suffered in the future.

## PREJUDGMENT AND POST-JUDGMENT INTEREST

36.     Plaintiff hereby incorporates each of the foregoing paragraphs as if set forth in full in this section.

37.     Plaintiff seeks prejudgment and post-judgment interest at the maximum legal rate.

## REQUEST FOR DISCLOSURE

38.     Pursuant to Rule 26 of the Federal Rules of Civil Procedure, you are requested to make initial disclosures at or within fourteen (14) days after the parties' Rule 26(f) conference, unless otherwise stipulated.

## JURY DEMAND

39.     In accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby makes application for a jury trial.

## XII.
## DEFENDANTS NOT REPRESENTED BY COUNSEL

40.     Plaintiff is not aware of any counsel representing Defendants at this time.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Curtis Amason respectfully requests this Court enter judgment against Defendants and grant an award of compensatory damages in an amount exceeding seventy-five thousand dollars ($75,000.00). Plaintiffs further requests this Court grant them any and all pre-judgment and post-judgment interest on any award of judgment at the current statutory rate until paid. Finally, Plaintiffs requests this Court grant their expenses and attorneys' fees related to this action, along with all other relief this Court deems just and proper.

Respectfully submitted,

_Raymond S. Allred_

Raymond S. Allred, OBA No. 11747
Colton L. Richardson, OBA No. 33767
Richardson Richardson Boudreaux
7447 S. Lewis Ave.
Tulsa, Oklahoma 74136
(918) 492-7674 (Telephone)
(918) 493-1925 (Facsimile)
rsa@rrbok.com

-and-

David Jones, TX Bar No.  24002370
        To be admitted Pro Hac Vice
THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601
djones@thomasjhenrylaw.com

**ATTORNEYS FOR PLAINTIFF**